Accident alleged in the complaint. The occurrence alleged in the complaint resulted in bodily injury or property damage and were not caused by the McInerney's intentional or purposeful acts, including expected injuries. What is a fraudulent misrepresentation? I'm not sure there's a real difference between them, Your Honor. I always view misrepresentation... intentionally made while at the same time knowing that it was false and it was done to induce some action upon the party to whom it was directed. A negligent misrepresentation may be all those things except for the fact that it may not necessarily be knowledge that what was said was false and was used to induce someone to act contrary to what the party knew was, in a matter of fact, the contrary. Well, given the allegations of facts played in the prior counts incorporated in Count 4, quite clearly the fraudulent misrepresentations are alleged here. Whether or not there is a cause of action or potential coverage for negligent representations is an issue that other courts have struggled with. Well, what I'm trying to get at in a roundabout way is maybe the other complaints or the other counts of the complaint allege fraudulent misrepresentation and this particular count alleges negligent misrepresentation and they aren't exactly the same. And so, if they aren't exactly the same, then maybe this is something, as far as this particular count is concerned, that there ought to be a duty to defend. And as has already been pointed out, the duty to defend one count requires the defense of all the others. This is DeNovo Review, is it not? I'm sorry, Your Honor. This is DeNovo Review. This is DeNovo Review. And that has been preceded by the applicant. Counsel, you've alleged, I think one of the crux of your arguments is that the homeowners, through what a claim for negligent misrepresentation, I think you refer to as sort of a transparent attempt to trigger coverage and the obligation to defend. What specific facts are you basing that on? It's a nice theory, but what is it based on? Well, in this particular case, you've got counts one through three, all intentional deliberate conduct, not covered. Here you have count four. As I noted, it is based upon a negligent failure to complete the disclosure report. The disclosure report is a creature of statute. It's part of the Residential Real Estate Property Disclosure Act. Negligent failure to complete, negligent in completing the disclosure report is not what the legislature has said. The legislature has said it's knowing failures to disclose known facts. But yet you take all of these intentional allegations. There is not one single fact alleged in count three that's negligent. All of the incorporated facts are intentional and knowing. The only thing alleged in count four is a duty, which isn't the duty with regard to the disclosure report in any event, and breaches of that duty. And as this court has noted, in VAGO, you have a situation in which a negligence count incorporates all of the prior allegations of deliberate conduct and an allegation of duty and breach of duty are mere conclusions rather than facts which trigger a duty to defend. There are no facts in this count four which alleges negligence. All facts are deliberate via incorporation. So your position is not that there was not an occurrence or not that there was not property damage or bodily injury. Your position is that you don't have a duty to defend based upon the fraudulent misrepresentation. No, there are several. One is there's not an accident, therefore there's no occurrence. Knowing misrepresentations, concealments of known defects and damages cannot be negligence. So how do you address the posing case? The posing case about the termites? Are you aware of that? Oh, I'm aware of that case. And in that case, there was no allegation of any expected type of no prior knowledge. In this case, that's the exact opposite. The complaint clearly and undisputedly alleges prior knowledge of defects and damages which were either misrepresented, failed to disclose, and in five particular instances concealed. In both of those cases, which is in that case, which is discussed in late, that was the difference. Because the conduct in late and here are all alleged to be knowing and intentional. The disclosure statement indicated that there was a problem with water. Am I incorrect? I'm sorry, Your Honor? Didn't the disclosure indicate that there was some problem with water? There was some problem with water and there's slight seepage. So there was disclosure. The only question is, you know, what was the nature and extent of the disclosure? And in particular. And what was the nature and extent of the damage previously versus the damage now? Was the damage prior one-tenth of what it is now? Because if it was, then maybe it was a factually accurate statement that wasn't negligent, wasn't a misrepresentation, and wasn't fraudulent. Maybe if it's the other way around and it's one-tenth, or I should say one-tenth now what it was then, then it was. But aren't those factual issues that have to be decided at trial on the merits between the alleged tortfeasor and the plaintiff? The truth and falsity of the allegations or the disclosure. My point is, is that your response to Justice Shastin questioning about the termite case was, you said that was total ignorance. There was no disclosure, I believe you said. And my point is, in this case, there was disclosure. So to say that the disclosure was something that was malevolent, I would buy your argument that your response would have been, had these people made no disclosure whatsoever about the flooding or the water problem. But if you make a disclosure about the water problem, how can that be worse than not making a disclosure about the water problem when, in fact, allegedly there was water problems before? Because the disclosure was slight seepage. And the facts allege is that there was much more than slight seepage and that the mackers engaged in fraudulent misrepresentation in making the disclosure that there was slight seepage. Hence, the court's distinction between fraudulent misrepresentations and misrepresentations. But isn't that really an issue for the trier fact whether or not the fraudulent, whether or not the seepage was slight or whether or not the seepage had occurred, the extended seepage, or it was like flooding at the point that. The facts, only the facts in the complaint can be considered. Other facts, stringent evidence is not to be considered in a duty to defend where the eight corners rule clearly applies. And the reason why that you have duty to defend almost always decided as a matter of law is quite simply you compare the four corners of the complaint to the four corners of the policy. Therefore, there is no disputed issue of facts because the facts are what the facts are alleged in the complaint. And then number two, the construction of a policy is a question of law for the court to decide. So it's your position that there is no, there is no count in that complaint that should be defended. Well, absolutely. And the trial court ruled that there was no duty to defend because there's no occurrence alleged as to counts five and six. There was no dispute that there was no duty to defend for counts one through three and no duty to identify for the judgment, which was entered on count four under the act. So the sole issue is whether there's a duty to defend count four. And that's really the only issue before the court. But there's no duty to defend any of the counts in the underlying complaint. It seems to me if what you say is true, then count four was merely a redundancy and a surplusage and it had no valid basis at all. I think that's a correct statement. So like a willful and wanton versus a negligent count, you can't allege the same facts and claim that one count is willful and wanton and the other is negligent. Essentially, they can't be the same unless, of course, one can be both willful and wanton and negligent to the extent that your negligence is so gross that it's willful and wanton. Correct? That's correct. Okay. Very good. Any other questions? None. You'll have an opportunity to make your vote, sir. Thank you, Your Honor. Your time is up. I don't know if you heard the buzzer. I did not, Your Honor. Thank you. It's a very quiet buzzer. May it please the Court, I'm Robert Tepper. I represent Mr. and Mrs. McInerney. They were the defendants in the underlying case. They are the appellees here. Some of the things that counsel said to you are not quite correct. Let's start with the damages in the underlying case. Mr. and Mrs. Sear alleged that the flood that occurred about eight months after they purchased the home caused damage to their furniture, their children's toys, their other personal property. Completely different from the Lane case where it was the house itself and the damage had been before. This is damage after and damage to different property damage. Also, they alleged that they had incurred illness from the mold that happened as a result of the flood eight months later. And they even brought a doctor in to testify before the jury about this mold-related claimed illness. So, again, we have a bodily injury claim that is caused by the flood. The flood occurred eight months after the sale. I use the word occur. Let's deal with that right now. The occurrence is one of two things. The easy occurrence is the flood. The flood was obviously accidental, catastrophic, sudden, all of the things that an occurrence needs to be. It caused, allegedly, property damage and bodily injury. No reason to get into the real complicated issues about the misrepresentation. In the alternative, the alleged negligent misrepresentation could also be an occurrence, but we don't need to go there because we have the flood. Counsel, what is your response to opposing counsel's argument that if you look at the allegations in the context of the overall complaint, the count for negligent misrepresentation is sort of a transparent attempt to trigger the insurance coverage? What's your response to that? First of all, the trial judge specifically held exactly the opposite in his ruling, and this was a very experienced trial judge, and he said this didn't seem transparent to him that a sensible plaintiff might decide, gee whiz, it might be difficult to convince a jury that these nice-looking people intentionally lied, so let's add a negligence claim for protection when one gets to the jury. That seems perfectly sensible. Was an instruction, a jury instruction submitted on count four? Yes. The case was tried on count four, and there was a not guilty on count four. Yes. The second thing I want to say about that is counsel said to you, if my notes are correct, a couple minutes ago, no facts in this count four that allege negligence. That's almost verbatim what he said. And if we look at the record and we look at the actual count four and specifically paragraph 63, paragraph 63 says the McInerney defendants were negligent in that they completed the disclosures by carelessly omitting the fact that there were material defects. That's A and B, disclosing that there was only slight seepage, which was based upon careless and erroneous determination of the nature of the leakage problems in the basement. Two different aspects of negligence. One, they didn't know of some of the problems. Now, this is kind of a strange statute. The disclosure form says there's no duty to go out and look, but you just need to disclose what you know. It's a little bit different from, take Rosny, where the surveyor is hired to go and survey, and he really does have a duty to go out and measure. There's no such duty here, but the allegation is twofold, part A and part B. Part A, they negligently didn't assess the problem, and we've pointed out, for example, there was a finished basement, and there are allegations that there were cracks in the wall of the basement, in the wall behind the finished wall. Was it negligence not to know that there were cracks there? That's a fact question. Then the second part, part B, is disclosing only slight seepage based upon careless and erroneous determination of the nature of the leakage problems. Again, the allegation is that they carelessly didn't know that there was more water behind the walls in the basement. Counsel, in order to determine this case to no vote, are we authorized or capable to look at the underlying litigation and take judicial notice of whatever verdict was rendered or verdicts were rendered in that case? I don't think it makes a difference in this case. In theory, the question of duty to defend arises before the trial. The fact that it doesn't make a difference doesn't answer my question. I'm trying to answer your question. The question is yes or no, and you can either answer it yes or no and then tell me. Okay. Because no matter which answer you give me, you can also tell me it makes no difference, too. Okay, you shouldn't. And the reason, and I'm being frank about this, the reason why you shouldn't is the insurance company, when it's faced with the tender of the defense, has to make a decision. And the question is, based upon what it knew at the time, was that decision right or was that decision wrong? And it's not fair to the insurance company, much as I'd like to be unfair to them. We've got to have some model.  Your very marks will be your legacy in history in perpetuity because you're recorded, you realize. The answer to Your Honor's question is it shouldn't be determined with hindsight because that's not a fair way for the insurance company. Well, actually, what I asked you was are we authorized to take judicial notice. I didn't say that we will. And my response to that is in order to preserve good practices for future cases, you shouldn't. I can't say you're not authorized to, but you shouldn't. Counsel, your opposing counsel relies heavily on the Lane Allstate v. Lane case as controlling. Can you tell us why Lane, if it is, is distinguishable from the facts of this case? Yeah. First of all, the opinion is not the model of clarity. But we need to look at how the court actually decided the case. And the way the court decided the case was to say that, quote, the complaint did not allege that the property damage was caused by the Lane's failure to disclose the leaks and defects. And the court said the damage was there before the sale. The damage was there before the alleged negligence. The only claim was damage to the house, and that damage had occurred in years before the sale. And the court said it is not possible that the damage to the house that occurred 10 years before the sale was caused by something that happened at the time of the sale. And it's clearer in the Rock case, which follows Lane. But that was the basis upon which the case was decided. The court, we don't have the complaint. The court in Lane, for some reason, seemed to focus on an allegation of the complaint. And I can't tell you where that allegation appeared. What you just related, was that the rationale or the holding of the case? I believe that's the holding. What's the rationale? That things in the past can't be the result of things present? Yes. Yes. Yes. I think they're both the same in this case, in the Lane case. Whereas here, we have the damage that's caused by the flood, and that's eight months after the sale. And rather than damage to the house itself, here we have damage to the seer's personal property, which had nothing to do with the sale. And we have alleged bodily injury to the seer's. So, it's completely different in terms of the basis upon which the court decided the case. In this case, we have a clear allegation of negligence in count four. The policy obviously covers negligence. This is not a crazy claim like in the Vago case, where the country club member grabbed the waitress and went through the gyrations and so forth. And it was obvious that he was doing something intentional. So, you're saying that the damages to the furniture, the toys, and the illness was not something that was expected or intended? Yes. By? Absolutely not. I mean, this wouldn't make any sense to have expected or intended that. It's just caused by. So, if it's not expected or intended, then under the Wilkin case, it should be called? Yes. Different than Lane, because Lane was the windows from ten years ago. Nothing else was damaged but the house. In Lane, the damage had occurred before the occurrence. So, the occurrence couldn't possibly have caused the damage. Are there really any Illinois cases that are right on point on this issue? I couldn't find anything yet. Maybe in the future when somebody asks, the USAA case will be cited. But, no. And this is an unusual circumstance. Most of these cases, the claim is the house was no good and that's the basis of the lawsuit. I haven't seen a case in any other state either where the claim was that the damage occurred after the fact. The McInerney's bought insurance. They paid the premium for however many years. That one time that they had a claim, and the policy clearly covers negligence. The one time that they were sued for negligence, and this is not a business, this is a homeowner's policy. They're individuals. It was a gargantuan claim. You've seen the amount of the defense costs. The one time that they got sued for negligence, and negligence was part of the claim. No question about that. The one time they got sued, the insurance company, which gladly took all of the premiums, said, sorry, we're not going to defend. That decision was wrong. They bought the insurance. They bought the coverage. They were entitled to it. And the insurance company now, not having paid before, should pay now, and the judgment below should be affirmed. I thank you. Good morning again. Let me make it clear. In the Lane case, there are actually two holes. One is there's no occurrence because in the form of an accident. In reality, that is the occurrence analysis. Because in this policy, like standard homeowners policy. Well, did they make a decision or like a determination that the occurrence occurred prior to the transfer of the property? Yes, they did. And the second no occurrence holding in Lane was that the failure to disclose misrepresentation didn't cause the presale damages. That's really a statement that misrepresentations do not cause bodily injury or property damage, which is applicable in this case. We rely upon Lane. Logically, it can't. It can't. If the representation is made in a timeline that is post occurrence. Right. Absolutely. Positive. Even a negligent misrepresentation does not cause damage to personal property or bodily injury prior to the declaration or the disclosure. I'm sorry. I'm adding on to your statement. Correct. Qualifying it by saying in instances where the disclosure comes after the occurrence or the injury. In Lane, the actual accident or occurrence was the faulty installation of the window. Correct. In that case. And the actual occurrence, as I believe in this case, as it's planned because of the way that it's planned in terms of the duty, the breaches of duty, reasonable reliance. I believe the occurrence alleged in this case is the misrepresentations. Okay. If you follow Lane, the occurrence was prior to the misrepresentations, whatever it may be, whatever the cause was in Lane. They had a specific failure to properly install windows here. It's not so clear. It doesn't matter. It's quite clearly not the post sale flood. And the reason why that is. What's the occurrence here? The occurrence here is whatever the defects that existed at the time of the completion of the disclosure report. That they disclosed. That they failed to disclose. Which the allegations in the complaint are that they failed to disclose a myriad of items knowingly and deliberately. And, in fact, took five instances in which they firmly attempted to conceal the defects and prior damages. To the point with regard to the flood being the occurrence. As I noted, there are post sale damages alleged in Lane. Because they say soon after the closing purchase discovered defects in the property, including leaked property, water damage in sewers, which were not disclosed in the disclosure report. And that the water infiltration resulting damages in raw sewage after the sale forced the purchase to leave the house. What is the point of suing if you don't have post sale damages? There's clearly post sale damages set forth in Lane. Lane doesn't even consider that that could possibly be an occurrence. What the post sale flood and damages are the damages as a result of the deliberate conduct. Even if you want to look at the post sale flood and resulting damages, that's not an accident. Here you have a situation in which the allegations are that the macker knew for a fact all of these defects and experienced the same problems as allegedly experienced by the sewers afterwards. But didn't they, they say they did not allege, though, that they did not experience the same. That's not what the complaint says. The complaint says that there was prior existing water infiltration, flooding, extensive water infiltration, et cetera. And then while they were living there. I'm sorry? While they were living there. While they were living there. It says at the time they completed the disclosure report, there was extensive water infiltration, the same things that happened afterwards. How is that an accident? What is accidental about something you've experienced? From the perspective of the mackers, the same thing that happened before happens after. That's not an expected. You don't reasonably anticipate the same thing's going to happen again. What a surprise. The spring after the sale, there's flooding. Certainly, it's reasonably anticipated. Certainly, the injury was substantially certain. The result, it's not an accident for that reason. And the result, the detrimental reliance was exactly what the plan was. That's the whole point of the disclosure report. In Lane, are we made aware of whether or not there was insurance coverage by the same insurance company at the time that the alleged occurrence took place? In other words, like malpractice, lawyer malpractice insurance, some malpractice insurance companies won't insure any alleged act that preceded the insurance term? Correct. And what I'm suggesting to you is do we know in Lane whether or not that insurance company that issued that insurance policy said, we're not insuring for occurrences that happened prior to the date of coverage? That was not argued in Lane. So we don't know. We don't know that. And the reality is that both of the policies were in effect after the disclosure report. Therefore, the allegations of complaint directly implicate the known loss doctrine insofar as all of these knowing failures to disclose at the time the disclosure report is gone existed at the time the policies came into effect. I'm going to go back to this Wilken case that I talked to your opponent about. When you hear Wilken case, Wilken case, doesn't it indicate that the insurers are located to defend if the allegations of the complaint potentially, as Justice Hudson said in the beginning of the oral argument, potentially fall within coverage? So I understand that you're saying we have to look at the four corners of the complaint against the four corners of the insurance policy. But don't we have to give deference to, or like I said in the beginning, you know, construe it liberally in favor of the insured. So if the case law says if it potentially falls within the coverage, don't we have to? You're correct there. The issue on duty to defend is the potential for coverage. The issue on the duty to identify is whether there's actual coverage. In this particular case, we particularly, as to the two alleged breaches, which are only conclusions and not facts, we specifically stated in our brief exactly the fact verbatim that this wasn't negligence, that all of the allegations were intentional. As to those two particular breaches. But the liberal construction in favor of coverage does not permit speculating and, well, in the McInerney brief, well, it was possible. It was possible. It doesn't matter what was possible. It's this complaint. The facts of this complaint. The possibilities and speculation are not to be considered. And in answer to Justice McClaren's decision, the merits of the underlying action and the decision in the underlying action did not determine the duty to defend. I didn't ask that question. I asked, do we have the authority to take judicial notice of it? You have the authority to take judicial notice, but it's not properly considered. That's part of it. Obviously, this court has authority. You mean it's not necessarily probative? It's not necessarily probative. It only goes to the issue that, well, we spent a lot of money in defending the case, but yet there was a verdict on count two under the act. So at least the jury found no main failures disclosed, no defects. So I guess one could say that the defense expenses were brought upon the McHenry's. And to expect there to be coverage under an accident homeowner's policy in this particular case is completely unrealistic. There's no occurrence. There's no accident. The damages cannot be caused by an occurrence. The applicability of the expected or intended acts exclusion couldn't be any clearer. And as I said, the alleged disclosure form was once before either policies took effect. Therefore, according to the allegations of the complaint, all of these things that occurred were known and substantially certain to occur.  How do we know the jury was correct? I'm sorry? How do we know the jury was correct? That's what I said, according to the jury. That's what the jury found. I think it went to trial on counts one through four. And count two was the act, and that was what the verdict was. All we know is there was no appeal? There was no appeal. There was a settlement of the judgment for 20, and the settlement, I believe, was 15. So interestingly enough, at the end of all the arguments, it appears that you and counsel do agree on something. That is, we should not take judicial notice of the jury's verdict. Do you agree on something? I think it only goes to the concept of we pay premiums, therefore we should be provided with facts. The merits of the claim, what the facts really are, the outcome of the underlying action does not determine the duty to defend. The law is well settled, I believe. If you don't have any other questions, do you have any further comments? I believe there was the transparent attempt to trigger a conference. That's solely based on the complaint. This court is in as good a position as the trial judge to make that determination. As I indicated, you have a cause of action for negligent felonies to complete the disclosure form, which is inconsistent with the act. Number two, you've got all of these potential counts. Then you've got counts four through six, all being negligence. And then you've got Childers and Duffy, whose trademark is your insurance against insurance. I think it's patently obvious what was going on here. It's not wrongful. It's not evil. It's not bad. It happens all the time. There's nothing to say. What's going on here is, in my mind, very clear. Could it be Knievel? I'm sorry? If it wasn't evil, was it Knievel? It could be Knievel. No, you're not. The court's adjourned. Thank you.  Thank you, Your Honor.